UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RONALD L. DAVIS | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-59 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA; | ) | |
| | ) | |
|     *Respondent*. | ) | |

**MEMORANDUM**

Defendant Ronald L. Davis ("Davis") has filed a *pro se* petition pursuant to 28 U.S.C. § 2241 (Court File No. 1 & 2). Davis has paid the $5.00 filing fee.

**I.    BACKGROUND**

On July 19, 2002, Davis pleaded guilty to mailing a threat to injure a person, Chief Judge R. Allan Edgar, in violation of 18 U.S.C. § 876 and was sentenced to the custody of the Bureau of Prisons for a term of sixteen months. Davis' sixteen month sentence was ordered to run consecutive to his pre-existing 99-year state sentence which arose out of his conviction in case #1379 in Maury County, Tennessee Circuit Court. The United States Court of Appeals for the Sixth Circuit affirmed Davis' federal conviction and sentence on direct appeal. *United States v. Davis*, 89 Fed. Appx. 581 (6th Cir. Mar. 12, 2004), *available in* 2004 WL 504357.

On September 26, 2002, Davis filed a motion to vacate pursuant to 28 U.S.C. § 2255. The Court denied his motion on November 14, 2002. *See Davis v. USA*, Civil Action Number 1:02-cv-323 (E.D. Nov. 14, 2002). Davis filed an appeal which the Sixth Circuit dismissed (Civil Case Number 1:02-cv-323, Court File No. 7). Davis filed a second motion to vacate pursuant to 28 U.S.C. § 2255 on May 3, 2007. The motion was denied as time-barred and Davis did not pursue an

appeal. *See Davis v. USA*, Criminal Action Number 1:01-cr-198 (E.D. July 23, 2007) (Court File Nos. 58 & 59).

On March 3, 2008, Davis filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241 seeking "to test the legality of his sentence" on the basis that his sentence is excessive because his sentencing guidelines calculations were incorrect (Court File No. 3, p. 1).

**II.     ANALYSIS**

Federal prisoners seeking post conviction relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir. 1988) ( challenge to proper sentence calculation should be brought under § 2255). A petition for habeas corpus relief under 28 U.S.C. § 2241 is the proper method for attacking the execution of a sentence, not the validity of a conviction or sentence. *United States v. Jalili*, 225 F.2d 889, 893-94 (6th Cir. 1991). To file a petition under § 2241 attacking a conviction or the validity of a sentence, a petitioner must demonstrate the remedy of a § 2255 motion to vacate is inadequate or ineffective. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit observed in *Charles v. Chandler* that "[n]o circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of a second or successive habeas petition. *Id.* at 757.

Davis' motion neither attacks the execution of his sentence nor demonstrates the remedy of a § 2255 motion is inadequate or ineffective. Rather, Davis' motion attacks the validity of his sentence. Davis contends his federal sentence should be vacated, set aside, or corrected because his sentencing guidelines were improperly calculated, and thus resulted in an excessive sentence.

2

Although Davis does not contend § 2255 has proven to be inadequate and ineffective, the Court presumes he is claiming § 2255 is inadequate and ineffective to test the legality of this sentence since he is not challenging the execution of his sentence. Davis' remedy under § 2255 is not rendered inadequate or ineffective simply because this Court has already denied relief to him under § 2255. *See In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988). The remedy under § 2255 is not rendered inadequate or ineffective because a petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192 n.5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001); *In re Davenport*, 147 F.3d at 605, 608 (7th Cir. 1998). Davis' attack on his sentence should have been raised during his sentencing proceeding, on direct appeal, or in a § 2255 motion. Davis characterizes this case as a habeas petition under § 2241 because a § 2255 motion is foreclosed by the AEDPA statute of limitations and successive petition limitations. The only reason for this characterization is the need to avoid the limitations enacted by AEDPA. Davis cannot raise his claim in a § 2255 motion because the one-year statute of limitation bars his motion. He is precluded from filing a second or successive motion because he has not presented any newly discovered evidence or asserted a new and retroactive rule of constitutional law that was previously unavailable.

The unavailability of § 2255 relief under these circumstances does not establish inadequacy or ineffectiveness under the savings clause. The fact Davis is time-barred from seeking § 2255 relief

3

and the fact he is precluded from filing a second or successive motion does not establish that § 2255 relief is inadequate or ineffective. This case clearly attacks the validity of Davis' original sentence and is, in reality, a motion under § 2255. Consequently, since Davis has failed to show § 2255 is inadequate or ineffective for his claim the Court lacks jurisdiction to grant relief under § 2241. *See Brown v. United States*, 2007 WL 1309462 (W.D. Tenn. May 3, 2007) ("A series of unpublished opinions has relied on *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.") Accordingly, Davis' § 2241 petition will be **DISMISSED** (Court File No. 3).

An appropriate order will enter.

    **/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**